IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW J. KERNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-418-JDK-JDL |
| | § | |
| WILLIAM J. DICKSON JR., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Matthew Kerns, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983. Docket No. 6. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Before the Court are two motions: Defendant's motion to dismiss and Plaintiff's motion for leave to file a supplemental complaint. Docket Nos. 14; 22.

On February 18, 2025, Judge Love issued a Report and Recommendation recommending that Defendant's motion to dismiss be granted because Plaintiff's federal claims were time-barred and because the Court should not exercise its pendent jurisdiction over Plaintiff's state law claims. Docket No. 18. The following day, Plaintiff filed a second amended complaint, asserting essentially the same claims as his first amended complaint.[1] Docket No. 19. Despite Plaintiff's failure to timely

---

[1] Defendant filed his motion to dismiss on January 27, 2025, and Plaintiff filed a second amended complaint on February 19, 2025—twenty-three days later. Thus, the Court notes that Plaintiff's second amended complaint was untimely. *See* FED. R. CIV. P. 15(a). Because the Supplemental

1

file his second amended complaint, Judge Love issued a Supplemental Report, explaining that his recommendation would not change considering Plaintiff's new complaint because it mirrored the same arguments as the first amended complaint and suffered from the same deficiencies. Docket No. 20.

Plaintiff filed timely objections to the Reports (Docket Nos. 21; 23) and moved for leave to file a supplemental complaint (Docket No. 22). Defendant timely responded to Plaintiff's objections and motion for leave to supplement. Docket Nos. 25; 26. Plaintiff filed replies. Docket Nos. 28–30.

As explained below, the Court overrules Plaintiff's objections, adopts Judge Love's Reports, and denies Plaintiff leave to file a supplemental complaint.

I.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). To unobjected-to portions of the Magistrate Judge's Report, the Court reviews such portions for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (finding that, if no objections to a Magistrate

---

Report merely acknowledged that Plaintiff's second amended complaint would be futile and Plaintiff did not seek leave of the court to file outside of Rule 15(a)'s parameters, the Court finds no error.

Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## II.

In his objections, Plaintiff argues that (1) Judge Love failed to apply *pro se* deference to Plaintiff's pleadings; (2) Judge Love's Reports are improper because Plaintiff filed a pending motion for recusal; (3) Judge Love lacks jurisdiction to issue final rulings absent the parties' consent; (4) Judge Love improperly placed on the Plaintiff the burden of proving equitable tolling of the statutory limitations period; and (5) the Reports failed to consider Plaintiff's accommodation letter confirming his post-traumatic-stress-disorder ("PTSD") diagnosis in considering tolling. Docket Nos. 21; 23.

### A.

Plaintiff broadly objects to the Reports' alleged failure to apply proper deference to Plaintiff's *pro se* pleadings. Docket No. 21 at 2. Certainly, Plaintiff's pleadings are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* FED. R. CIV. P. 8(e). But this deference is not blind; *pro se* litigants must still provide sufficient factual allegations to state a claim upon which relief could be granted.

Plaintiff's general objections do not identify how Judge Love failed to give deference to his pleadings, and the Court "is not required to entertain 'general objections.'" *Givens v. Cerliano*, 2020 WL 3268886, at *1 (E.D. Tex. June 17, 2020) (quoting *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). To obtain

3

de novo review, Plaintiff must "pinpoint those portions of the magistrate's report that the court must specially consider." *Id.* (quoting *Nettles v. Wainwright*, 656 F.2d 986, 987 (5th Cir. 1981), *on reh'g*, 677 F.2d 404 (5th Cir. 1982)). Plaintiff does not do so here, entirely failing to pinpoint how the Reports do not observe the leniency applied to *pro se* pleadings.

Plaintiff's first objection is overruled.

### B.

Plaintiff also objects to the Reports because Judge Love continued to issue "rulings" despite Plaintiff's previously filed motion for Judge Love's recusal. Docket No. 21 at 1. But there was no such filing in this case prior to Judge Love's Reports.[2]

Plaintiff's second objection is overruled.

### C.

Plaintiff next suggests that Judge Love lacked jurisdiction to issue the Reports. Docket No. 21 at 1. To the extent Plaintiff argues that the Reports are final rulings depriving Judge Love of jurisdiction, his objection is overruled. Judge Love's Reports were not final rulings; they each proposed findings of fact and recommendations for the disposition of Plaintiff's case. *See* Docket Nos. 18; 20.

Plaintiff's third objection is overruled.

### D.

Plaintiff further argues that the Reports improperly applied the "burden-shifting rule" for equitable tolling under Texas law. Docket No. 21 at 2. Specifically,

---

[2] On March 18, 2025, Plaintiff filed an "emergency motion" for Judge Love's recusal. Docket No. 27. This motion, however, was filed three weeks after Judge Love issued his Supplemental Report.

4

Plaintiff claims that because he asserted tolling for unsound mind in his amended complaint, the burden of negating tolling immediately shifts to Defendant. Docket No. 23 at 2.

Simply alleging tolling based on unsound mind is not enough. At a minimum, Plaintiff must produce "(1) specific evidence that would enable the court to find that the incompetent person did not have the mental capacity to pursue litigation, or (2) a fact-based expert opinion to that effect." *Gribble v. Layton*, 389 S.W.3d 882, 894 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). Plaintiff offers neither, pleading only general and conclusory assertions of mental incapacity and severe emotional distress.

Plaintiff's reliance on *Rollins*, moreover, is misplaced. *Rollins* affirms that to establish tolling based on unsound mind, a plaintiff must produce specific evidence showing a lack of mental capacity to pursue litigation or submit expert opinion to that effect. 628 S.W.3d at 590. It does not, as Plaintiff suggests, say that a plaintiff's bare allegation of unsound mind is sufficient to shift the burden to a defendant to disprove unsound mind at the motion-to-dismiss stage. Plaintiff fails to meet his initial burden of showing unsound mind, either by alleging specific facts or producing evidence. *See, e.g.*, *Salazar v. Johnson*, 2019 WL 2124678, at *3 (W.D. Tex. May 14, 2019) (finding similarly conclusory claims of unsound mind to be deficient).

Plaintiff's fourth objection is overruled.

**E.**

Plaintiff finally argues the Reports ignored a letter from his counselor, Evelyn Dillman, detailing his PTSD diagnosis. Docket No. 21 at 3; Docket No. 23 at 2. Specifically, Plaintiff argues that this letter, if properly considered, was sufficient to plead tolling for unsound mind. Docket No. 21 at 3.

As an initial matter, Plaintiff did not reference or attach this letter to his amended complaint. The amended complaint includes only conclusory allegations regarding unsound mind. *See* Docket No. 6 at 12. Rather, the letter was attached to a motion for accommodations—which the Court denied as premature. *See* Docket No. 4 at 3; Docket No. 7.

The Court, in any event, finds upon de novo review that the additional facts within Plaintiff's accommodation letter do not sufficiently plead tolling for unsound mind. According to the letter, Evelyn Dillman began treating Plaintiff on May 25, 2022, for PTSD, which the Court assumes is the start of Plaintiff's alleged period of unsound mind. Docket No. 4 at 3. Although this date falls before Plaintiff's limitations period elapsed, he became of unsound mind *after* his federal causes of action accrued on July 21, 2020.[3] This is fatal to his tolling claim. *See* TEX. CIV. PRAC. & REM. CODE § 16.001(d) ("A disability that arises after a limitations period starts does not suspend the running of the period."). Plaintiff cannot use the unsound-mind

---

[3] The Court assumes for the sake of this objection that Plaintiff's PTSD diagnosis meets the definitions of "unsound mind" under Texas law. But the Court is skeptical that such allegations meet the definition of unsound mind—which means "insane or mentally incompetent," or in other words, an inability to "participate in, control, or understand the progression and disposition of the suit." *Rollins*, 628 S.W.3d at 590. Plaintiff's various filings, presentation of arguments, and numerous lawsuits in this Court suggest that he is more than capable of understanding the disposition of his lawsuits. However, such a finding at this juncture is not necessary.

6

exception to "extend[] the deadline on the back end of the limitations period where the disability arises after the accrual date." *Bagley v. Montgomery Cnty.*, 516 F. Supp. 3d 688, 692 (S.D. Tex. 2021). Accordingly, the running of limitations was not suspended by Plaintiff's claimed period of disability because it occurred after Plaintiff's claims accrued. And because the statutory limitations period elapsed on July 21, 2022, Plaintiff's claims are time-barred.[4]

Plaintiff's fifth objection is overruled.

### III.

Plaintiff seeks leave to file a supplemental complaint. Docket No. 22. Because this motion was filed in conjunction with Plaintiff's objection and relates to the sufficiency of his pleadings, the Court finds it appropriate to consider it in the context of this Order.

Federal Rule of Civil Procedure 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "The decision to grant or deny leave to supplement is within the sound discretion of the district court." *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010). "The Fifth Circuit has found it proper to rely upon Rule 15(a) cases when determining the relevant factors to consider when evaluating leave to supplement a pleading under Rule 15(d)." *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 10466828, at *2 (E.D. Tex. Dec. 6, 2018) (citing *Chemetron Corp. v. Bus.*

---

[4] This does not apply to Plaintiff's malicious prosecution claim under the Fourth Amendment, which, as explained further below, is dismissed on its merits.

*Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *vacated on other grounds*, 460 U.S. 1007 (1983)). Those factors include: (1) undue delay, (2) bad faith by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility. *Id.* "A supplemental pleading is futile if it would fail to state a claim upon which relief could be granted." *Id.* (cleaned up).

In his motion, Plaintiff seeks to include additional facts regarding his malicious prosecution claim because his criminal case was favorably terminated on February 21, 2025. Docket No. 22 at 2. Plaintiff also seeks to include "newly discovered evidence" and "additional constitutional violations" regarding his § 1983 claims. *Id.*

As explained below, the Court denies Plaintiff's motion.

### A.

Plaintiff first asks to supplement his malicious prosecution claim. Docket No. 22 at 2. Plaintiff received a deferred adjudication on February 21, 2023, for the offense of False Statement to Obtain Property or Credit. Docket No. 14-1. Plaintiff was placed on deferred adjudication community supervision lasting two years. *Id.* This supervisory period ended on February 21, 2025, just four days before Judge Love issued the Supplemental Report. Accordingly, Plaintiff now contends that his malicious prosecution claim is not time-barred and that deferred adjudication amounts to a "favorable termination" of his state criminal case. Docket No. 22 at 2.

To show malicious prosecution, a plaintiff must establish: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was [a] defendant in the

8

original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023).

Supplementation as to this claim is futile for failure to state a claim—for at least two reasons.

First, Plaintiff fails to sufficiently allege that Defendant was the legal cause of his criminal proceeding. *See Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010) ("[A]n officer may be responsible for commencing a criminal proceeding[] against a plaintiff, where the officer made, influenced, or participated in the decision to prosecute."). Plaintiff's arrest warrant was signed by Elizabeth Everitt and returned by Van Zandt County Sherriff's Deputy Jacob Smith. Docket No. 14-8. Plaintiff does not allege in any of his complaints that Defendant played a role in the decision to prosecute him, other than his conclusory allegations that Defendant "falsely represented himself as a law enforcement officer, fraudulently initiated a prosecution, and manipulated court records to conceal his lack of authority." Docket No. 22-1 at 4. That is insufficient.

Second, Plaintiff fails to sufficiently allege a lack of probable cause. Plaintiff was indicted under Texas Penal Code § 32.33(d)(5) by a Van Zandt County grand jury for hindering secured creditors where the value of the property or service was $30,000 or more but less than $150,000. Docket No. 14-7. A grand jury indictment, in addition to the arrest warrant signed by a judge, establishes a presumption of probable cause. *See Terwilliger v. Reyna*, 4 F.4th 270, 285 n.10 (5th Cir. 2021) (noting

9

that an arrest warrant presumptively establishes probable cause); *U.S. ex rel. Maceo v. Hammond*, 98 F.2d 187, 188 (5th Cir. 1938) ("The grand jury which indicted him is presumed to have found from the evidence before them that there was probable cause to believe him guilty of the offense."). Plaintiff alleges that Defendant lacked probable cause because "a loan default is not a crime" and that Defendant acted with malice as "evidenced by his celebratory messages following Plaintiff's wrongful arrest." Docket No. 22-1 at 9. But Plaintiff's arrest and indictment—based on violations of Texas Penal Code § 32.33(d)(5)—was not a crime for "loan default" as Plaintiff suggests. Therefore, his allegations fail to allege a basis to overcome the presumption of probable cause.

Accordingly, as to Plaintiff's malicious prosecution claim, supplementation of the pleadings would be futile for failure to state a claim upon which relief could be granted.[5]

### B.

Plaintiff also seeks leave to include additional allegations regarding his state and federal claims. None of this "newly discovered evidence," however, warrants supplementation.

First, the additional allegations that Plaintiff argues would support his malicious prosecution claim do not present any "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." *See* FED.

---

[5] Because the Court finds that Plaintiff's malicious prosecution claim is deficient for other reasons, the Court does not address whether a deferred adjudication amounts to a "favorable termination" for the purposes of a malicious prosecution claim.

10

R. CIV. P. 15(d). In fact, Plaintiff has raised these facts before. *See, e.g.*, Docket No. 6 at 3 (arguing that a Texas court of appeals case, *State v. Coleman*, held that Defendant lacked law enforcement authority); *id.* (arguing Defendant falsified his authority as a law enforcement officer on official documents, including the arrest report); Docket No. 19 at 4 (arguing in support of Plaintiff's malicious prosecution claim, that the arrest/offense report stated that Defendant acted as a "private enforcer").

Second, Plaintiff's additional allegations supporting his claims under the Texas Penal Code do not warrant amendment because private citizens have no right to bring claims for violations of a penal statute. *See Cort v. Ash*, 422 U.S. 66, 79 (1975); *see also Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio, 2002, no pet.) (explaining that "the Texas Penal Code does not create private causes of action").

Lastly, even considering the new allegations, the Court finds that Plaintiff has not met his pleading burden showing that his claims under the Due Process Clause of the Fourteenth Amendment were timely. Thus, Plaintiff's "additional allegations" supporting his due process claims are nonetheless time-barred.

Plaintiff's motion for leave to file a supplemental complaint is denied.

### IV.

In his replies to Defendant's response to Plaintiff's objections, Plaintiff raises two new matters for the first time. First, Plaintiff argues that the Reports should have terminated Defendant's motion to dismiss because it became moot upon Plaintiff's filing of a second amended complaint. Docket No. 28 at 2. Second, Plaintiff

11

moves for Rule 11 sanctions against Defendant's counsel. *Id.* at 8. However, the vehicle in which Plaintiff raises these matters—a reply to Defendant's objections response—is improper under this Court's local rules. In relevant part, Local Rule CV-72(c), which governs review of case dispositive motions, provides: "Objections to reports and recommendations and any response thereto shall not exceed eight pages. *No further briefing is allowed absent leave of court.*" L.R. CV-72(c) (emphasis added). Here, Plaintiff's reply exceeds the page limitation and was filed without leave of the Court. Thus, the Court will not entertain the matters raised therein and finds it necessary to strike such filing from the docket.

## V.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Reports, the Court has determined that the Reports of the Magistrate Judge are correct, and Plaintiff's objections are without merit.

Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket Nos. 21; 23) and **ADOPTS** the Report and Supplemental Report of the Magistrate Judge (Docket Nos. 18; 20) as the opinion of the Court. Defendant's motion to dismiss (Docket No. 14) is **GRANTED** and Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff's motion for leave to file a supplemental complaint (Docket No. 22) is **DENIED**. Lastly, Plaintiff's replies (Docket Nos. 28; 30) to Defendant's response to Plaintiff's objections are **STRICKEN** from the docket.

So **ORDERED** and **SIGNED** this **31st** day of **March, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE